UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-20216-CIV-MORENO

MALIBU MEDIA, LLC,

    Plaintiff,

vs.

JOHN DOE subscriber assigned IP address 50.143.69.168,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

This case concerns the alleged transfer of copyrighted pornographic material through BitTorrent. Plaintiff alleges that the IP address above was used to violate Plaintiff's copyright. Plaintiff seeks leave to serve third party subpoenas prior to the rule 26(f) conference. For the reasons discussed below, Plaintiff's Motion is **DENIED.**

Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Under Rule 26(b), "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Plaintiff has not provided this Court with "good cause" to deviate from Rule 26(d).

Plaintiff has completely failed to make any efforts to tailor its motion or memorandum of law

to the proceedings before this court or the law of the 11th Circuit or of this District. Plaintiff cites only one 11th Circuit case, *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) in its memorandum of law. Presumably, Plaintiff has cited *Dean* to support its contention that "Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants." Certainly, *Dean* permits the suing of John Doe defendants under certain circumstances. *See id.* at 1216. However, Plaintiffs have made no argument as to how *Dean* applies to *this case. Cf. Moulds v. Bullard*, 345 Fed.Appx. 387, 390 (11th Cir. 2009).

Outside of *Dean* and *Feist Publications, Inc. v. Rural Tel. Svcs. Co., Inc.*, the Supreme Court case outlining the elements for a *prima facie* case for copyright infringement, Plaintiff has cited no cases that bind this Court. The test for good cause Plaintiff asks this Court to adopt comes from the second circuit. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). "Under the established federal legal system the decisions of one circuit are not binding on other circuits." *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). Further, Plaintiff has cited no cases from this district in its brief. This Court notes that Plaintiff has filed virtually identical briefs in other cases in this district. *See, e.g., Malibu Media v. John Doe*, 13-cv-61023, D.E. No. 5-1, (S.D. Fla. May 3, 2013) (Cooke, J.).

"The federal courts are not cogs in a plaintiff's copyright-enforcement business model." *Malibu Media, LLC v. John Does 1-10*, 2012 WL 5382304 at *4 (C.D.Cal. June 27, 2012). Plaintiff has filed what amounts to a boilerplate brief to support its motion. The arguments made in this brief do not persuade the Court to deviate from the normal application of Rule 26. Therefore, Plaintiff's

-2-

Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference **(D.E. No. 4)**, filed on **January 27, 2014** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of February, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record